UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **PATRICK LEE OLSON,** ) | **Bankruptcy No. 22-11556-mdc** |
| Debtor. ) | |
| ) | **Chapter 7** |
| ) | |
| ) | |
| **MICHAEL WILEY,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Adversary Proc. No. 22-00058** |
| ) | |
| **PATRICK LEE OLSON,** ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant/Debtor Patrick Lee Olson ("Defendant"), by and through his undersigned counsel respectfully moves this Honorable Court pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable in this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure, for summary judgment in his favor on Counts I and II of Plaintiff's Complaint, because there are no genuine issues of material fact and Defendant is entitled to judgment as a matter of law. In support of this motion, Defendant avers as follows:

1. Defendant filed a petition under Chapter 7 of the Bankruptcy Code on June 15, 2022.

2. Plaintiff Michael Wiley ("Plaintiff") filed this adversary proceeding seeking nondischargeability of his assigned default judgment from the Montgomery County Court of Common Pleas on a breach of contract claim in the amount of $3,678,122.58 based on sections 523(a)(2) (Fraud alleged in Count I) and 523(a)(4) (Breach of fiduciary duty, theft by deception or larceny in Count II) alleged in Plaintiff's Complaint filed on July 5, 2022.

3. Defendant filed an Answer to Plaintiff's Complaint on August 7, 2022 stating, among other things, that this adversary proceeding is moot because the Plaintiff also has a criminal restitution in the amount of $1,042,256.87 in civil case number 2022-02887 in the Montgomery County Court of Common Pleas. This civil judgment which will accrue in favor of the Plaintiff after Defendant's probation period is completed and is nondischargeable under section 523(a)(7) of the Bankruptcy Code. A copy of the judgment is attached as Exhibit "A" and incorporated by reference.

4. Plaintiff filed his own Chapter 7 bankruptcy case with his spouse, Jolene Hutton, on August 7, 2020, Case No. 20-13273-mdc, and listed on his Schedule A/B Plaintiff's 100% ownership of the shares in McGrath Technical Staffing, Inc., ("McGrath') the company that had the $3,678,122.58 judgment against Defendant here as worth "$1.00." Similarly, the Schedule C exempts the $1.00 of ownership. Plaintiff and his spouse received their discharge on November 9, 2020. Copies of the Schedules A/B, C and SOFA are attached hereto as Exhibit "B" and are incorporated by reference.

5. Approximately one year after the discharge, Plaintiff's present attorney in this adversary proceeding filed an assignment of McGrath to Plaintiff in the Montgomery County Court of Common Pleas and then transferred it to the Chester County Court of Common Pleas which secured a lien on Plaintiff's home well in excess of $100,000.00. A copy of the assignment is attached hereto as Exhibit "C" and is incorporated herein by reference.

6. As set forth in the Affidavit of the Defendant, the $490,000.00 in funds for the CSS project was received by the Defendant in 2017—months before Defendant's forgery of a CSS officer's signature on a contract in 2018—that was purported collateral for Plaintiff's loan and

which lead to criminal proceedings against the Defendant in the Montgomery County Court of Common Pleas.

7. The elements of fraud are as follows: a representation, falsity, scienter, justifiable reliance and damages. None of these elements are demonstrated in Plaintiff's Complaint under section 523(a)(2) of the Bankruptcy Code despite counsel's attempt to redefine forgery as fraud.

8. Similarly, there was no fiduciary relationship between Plaintiff and Defendant though Plaintiff falsely claims to be "partner" with Defendant in his similarly named company on his schedules and Statement of Financial Affairs. Moreover, there is no theft by deception or larceny that would justify a determination of nondischargeablity under section 523(a)(4) of the Bankruptcy Code.

9. Finally, it bears repeating that Plaintiff will eventually receive a restitution judgment greater than $1 million and has a sizable lien in excess of $100,000.00 against Defendant's residence that will survive discharge. This is still quite a payoff for an individual who only 2 years ago filed Chapter 7 with this Honorable Court, valued his company at $1.00, exempted the company for $1.00, then after the one-year period for revoking his discharge under section 727(d) of the Bankruptcy Code elapsed, having his company assign himself the judgment that he personally benefited from.

10. Plaintiff clearly comes into this Court with unclean hands having been a former debtor who substantially undervalued his company and assigned himself a $3.8 million judgment and who two years later seeks to reap the contractual profit of $2.4 million, plus interest, when in fact Plaintiff lost only $490,000.00 from the CSS contract as reflected in the record. The spreadsheet showing the wire transfers are attached hereto as Exhibit "D" and are incorporated herein by reference.

11. Based on the foregoing, except for the Montgomery County restitution judgment, the rest of Defendant's debt with the Plaintiff should be fully discharged according to law.

WHEREFORE, Defendant Patrick Lee Olson respectfully requests that this Honorable Court enter summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure in his favor and against Plaintiff Michael Wiley on both Counts I and II of his Complaint, that it declare his indebtedness be totally discharged, except for the restitution judgment, and that court grant such other relief that would be equitable and just.

      /s/ *Mark A. Cronin*
Mark A. Cronin, Esquire
26 S. Church Street
West Chester, PA 19382
(484) 266-0832
PhilaLaw@aol.com
Attorney for Debtor/Defendant
Patrick Lee Olson

DATED: January 5, 2023