UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| PATRICK LEE OLSON, ) | Bankruptcy No. 22-11556-mdc |
| Debtor. ) | |
| ) | Chapter 7 |
| ) | |
| ) | |
| MICHAEL WILEY, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary Proc. No. 22-00058 |
| ) | |
| PATRICK LEE OLSON, ) | |
| Defendant. ) | |

## Debtor/Defendant Patrick Lee Olson's Response to Plaintiff's Cross-Motion for Summary Judgment

The Debtor/Defendant Patrick Lee Olson ("**Debtor**"), by and through his undersigned counsel, hereby responds to the Cross-Motion for Summary Judgment in response to the Complaint filed by Plaintiff Michael Wiley, successor by assignment to McGrath Technical Staffing, Inc. d/b/a McGrath Systems ("**McGrath Systems**") seeking to except its debt from discharge pursuant to §§523(a)(2)(A) and 523(a)(4) of the Bankruptcy Code. In support of this response, the Debtor avers as follows:

1. Paragraph 1 of Plaintiff's Motion for Summary Judgment is admitted though the statutes cited therein are incorrect. It is admitted by Defendant that this Honorable Court has jurisdiction under 28.U.S.C. § 1334(b). Moreover, it is admitted that this is a core proceeding under 28 U.S.C. §157(b)(2)(I) pertaining to the dischaqrgeability of particular debts.

**I.    FACTS**.

2. Admitted.

3. Admitted.

4. Admitted.

5. Denied. By way of further answer, the default judgment for $3,678,122.58 was based on breach of contract namely, a promissory note, which included a provision for a "Premium Payment" of $2.4 million, in addition to the initial $1.2 million principal, plus interest and costs.

6. Admitted.

7. Admitted.

8. Denied that this involved the CSS project alone as Plaintiff Wiley and Defendant worked on other projects, with Plaintiff being satisfied as to the other projects except the CSS project.

9. Debtor is without sufficient knowledge to admit or deny this averment.

10. Debtor is without sufficient knowledge to admit or deny this averment.

11. Admitted.

12. Debtor is without sufficient knowledge to admit or deny this averment..

13. Admitted.

14. Debtor is without sufficient knowledge to admit or deny this averment.

15. Admitted.

16. Denied. By way of further answer, Debtor did not provide excuses for the project not closing to Mr. Wiley.

17. Denied as stated. By way of further answer, Mr. Wiley as CEO of McGrath Systems requested a Promissory Note be executed by Debtor's company and by him as a guarantor in early April of 2018 after Debtor's company had already received $490,000.00 from

Mr. Wiley. There were no earlier requests for a Promissory Note.

18. Admitted.

19. Admitted.

20. Admitted.

21. Denied that the project was bogus. By way of further answer, McGrath Systems provided Debtor/Defendant with $490,000.00 in 2017—not Plaintiff Wiley who listed the value of that company in his 2020 Chapter 7 petition at $1.00 and exempted it for $1.00. *See*, *In re Michael Wiley and Jolene Hutton,* Case No. 20-13273-mdc (Chapter 7); however, it is admitted that the CSS project did not close.

22. Denied. By way of further answer, McGrath Systems provided $490,000.00 to Defendant to pay for the CSS project. McGrath Systems did provide additional sums for other projects that Plaintiff as CEO of McGrath Systems was satisfied.

23. Denied as stated. By way of further answer, McGrath Systems provided $490,000.00 to Defendant to pay for the CSS project and Defendant did project a significant profit if the CSS project closed.

24. McGrath Systems provided $490,000.00 to Defendant to pay for the CSS project.

25. Denied. By way of further answer, McGrath Systems provided $490,000.00 to Defendant pay for the CSS project and that was the extent of the loss to Plaintiff's company.

26. Denied. By way of further answer, McGrath Systems provided $490,000.00 to Defendant to pay for the CSS project.

27. Admitted that Plaintiff contacted the Whitpain Police. By way of further answer, any harm to McGrath Systems, which was owned by Plaintiff Wiley, for the Debtor's forgery had no direct connection with the Promissory Note or guaranty in that Debtor executed those

documents well after the $490,000.00 was wired to him in 2017; Plaintiff Wiley had sought the note and the guaranty in 2018.

28. Admitted.

29. Denied. By way of further answer, the monthly restitution is not $12,0000.00 per month but rather $100.00 per month.

30. Denied. By way of further answer, McGrath Systems was an entity distinct from the Plaintiff Wiley and valued as being worth only $1.00 at the time Plaintiff Wiley filed his own Chapter 7 petition with this Honorable Court in 2020, *In re Michael Wiley and Jolene Hutton,* Case No. 20-13273-mdc (Chapter 7). Subsequently, Plaintiff Wiley assigned himself the money judgment after undervaluing his company in his Chapter 7 case and transferring the money judgment from Montgomery County to Chester County where Defendant resides with a judicial lien in excess of $100,000.00 against Defendant/Debtor's residence.

31. Admitted.

32. Admitted.

33. Denied as stated. Plaintiff did not object to Debtor's discharge under 11 U.S.C. § 727(a) but is seeking an exception to discharge under 11 U.S.C. §§ 523(a)(2) and (a)(4).

34. Admitted.

35. Denied. By way of further answer, the Montgomery County civil default judgment was filed by prior counsel for McGrath Systems (later Plaintiff Wiley's Chapter 7 bankruptcy counsel) and sounded in breach of contract..

36. Admitted.

37. Admitted. By way of further answer, Defendant contends that the Restitution Judgment referred to in paragraph 28 *supra* for $1,041,000.00 is already nondischargeable under

section 523(a)(7) of the Bankruptcy Code and will be transferred to Plaintiff Wiley as the crime victim in Defendant's criminal forgery case upon the completion of Defendant's probation.

38. Admitted. Defendant claims that the Bankruptcy Code guarantees a Debtor a "fresh start" (as Plaintiff Wiley received in his 2020 Chapter 7 case), and that exceptions to discharge should be narrowly construed to cover only the losses suffered by the creditor as a result of the fraudulent or wrongful conduct.

39. Denied as stated. By way further answer, Plaintiff Wiley is not entitled to any contractual windfall that the 2018 Promissory Note gave him—only for the loss of money that he may have suffered as a result for any conduct within the statutory exceptions to discharge.

40. This paragraph states a conclusion of law that requires no response.

41. Admitted.

42. Denied that the Defendant/Debtor admitted that he lied.

43. Denied. As reflected on the wire transfer ledger provided by McGrath Systems attached to Defendant's Motion for Summary Judgment, McGrath Systems—who the Plaintiff Wiley steps in the shoes of by virtue of the assignment—lost only $490,000.00 on the CSS project.

44. This paragraph states a conclusion of law that requires no response.

## II. LEGAL ARGUMENT

### A. Legal Standard

45. This paragraph states a conclusion of law that requires no response.

46. This paragraph states a conclusion of law that requires no response.

47. This paragraph states a conclusion of law that requires no response.

### B. Fraud under 11 U.S.C. § 523(a)(2)

48. This paragraph states a conclusion of law that requires no response.

49. Denied as stated. By way of further answer, Defendant only admitted to the forgery of the CSS contract which had nothing to do with the Promissory Note and the underlying debt.

50. Denied as stated and this paragraph mischaracterized the Defendant's deposition testimony.

51. This paragraph states a conclusion of law that requires no response.

52. This paragraph states a conclusion of law that requires no response.

53. This paragraph states a conclusion of law that requires no response.

54. This paragraph states a conclusion of law that requires no response.

55. This paragraph states a conclusion of law that requires no response.

56. This paragraph states a conclusion of law that requires no response.

57. This paragraph states a conclusion of law that requires no response.

58. This paragraph states a conclusion of law that requires no response.

59. This paragraph states a conclusion of law that requires no response.

60. Denied as stated and this paragraph mischaracterizes the Defendant's deposition testimony.

61. Denied as stated and this paragraph mischaracterizes the Defendant's deposition testimony.

62. Denied as stated and this paragraph mischaracterizes the Defendant's deposition testimony.

63. Denied as stated. McGrath Systems was the entity involved and its losses were no

greater than $490,000.00.

64. This paragraph states a conclusion of law that requires no response.

65. This paragraph states a conclusion of law that requires no response.

66. This paragraph states a conclusion of law that requires no response.

**C. Embezzlement, larceny or breach of fiduciary duty under 11 U.S.C. § 523(a)(4).**

67. This paragraph states a conclusion of law that requires no response.

68. This paragraph states a conclusion of law that requires no response.

69. This paragraph states a conclusion of law that requires no response.

70. Denied that the Plaintiff and Defendant were ever business partners.

71. This paragraph states a conclusion of law that requires no response.

72. This paragraph states a conclusion of law that requires no response.

73. This paragraph states a conclusion of law that requires no response.

74. Denied as stated. Again, all business was between McGrath Systems and Debtor's company with the Plaintiff Wiley, as CEO of McGrath Systems, assigning himself the multimillion dollar judgment after valuing his company as $1.00 in his bankruptcy schedules.

75. This paragraph states a conclusion of law that requires no response.

76. This paragraph states a conclusion of law that requires no response.

77. Denied that there was ever a fiduciary relationship between Plaintiff and Defendant.

78. This paragraph states a conclusion of law that requires no response.

79. This paragraph states a conclusion of law that requires no response.

80. This paragraph states a conclusion of law that requires no response.

81. Denied as stated and this paragraph mischaracterizes the Defendant's deposition

testimony.

82. This paragraph states a conclusion of law that requires no response.

83. This paragraph states a conclusion of law that requires no response.

D. Entire Judgment Nondischargeable.

84. Admitted.

85. Denied.

86. Admitted.

87. Admitted in part and denied in part. Defendant agrees that careful wording of a nondischargeable judgment could prevent double dipping so Plaintiff does not obtain a windfall and an excessive judgment.

88. Admitted in part and denied in part. Defendant agrees that careful wording of a nondischargeable judgment could prevent double dipping so Plaintiff does not obtain a windfall and an excessive.

89. Admitted in part and denied in part. Defendant agrees that careful wording of a nondischargeable judgment could prevent double dipping so Plaintiff does not obtain a windfall and an excessive judgment.

**WHEREFORE**, Defendant Patrick Lee Olson respectfully requests that Plaintiff's Motion for Summary Judgment be denied.

Respectfully submitted,

_/s/ *Mark A. Cronin*_
MARK A. CRONIN, ESQ.
PA Bar No. 58240
26 S. Church Street
West Chester, PA 19382
(484) 266-0832
philalaw@aol.com
Attorney for Debtor